STATE v. SEWELL GILLESPIE.

*False. Pretence—Value of Property.*

In an indictment for obtaining goods by false pretence, no averment of the value of the property need be made.

INDICTMENT for obtaining goods under False Pretences tried at Fall Term, 1878, of IREDELL Superior Court, before *Gudger, J.*

After a verdict of guilty the defendant's counsel moved in arrest of judgment on the ground that the bill of indictment did not charge the property, alleged to have been obtained by false representations of defendant, to be of any value. The motion was refused, judgment, and the defendant appealed.

*Attorney General,* for the state.
*Mr. R. M. Allison,* for the defendant.

ASHE, J.　The defendant has been convicted for a violation of the provisions of Bat. Rev., ch. 32, § 66, which makes it a misdemeanor, "by means of any forged or counterfeit paper in writing or in print, or by any false token or other false pretence whatsoever, to obtain from any person or corporation within the state, any money, goods or property, or other thing of value, or any bank note, check," &c.　There was a motion in arrest of judgment, motion overruled, and judgment pronounced, from which the defendant appealed. Mr. Bishop, in his valuable work on criminal procedure in treating of the subject of cheats and false pretences (vol. 2, § 139,) says,—"whether the value of the property should be stated in the indictment depends upon the law which fixes the punishment;" and again in § 676,—"that when the degree of the punishment depends in any measure upon the value of the thing stolen, the indictment must state its value; in other cases it need not."　There are no degrees of criminality in the offence charged in this indictment, and no other punishment can be inflicted than that prescribed in Bat. Rev., ch. 32, § 29.　There is no necessity for alleging the value with the view of fixing the punishment to be imposed.

The statute under which the indictment is framed does not require the property obtained to be of any particular value; nor do we think the words "or other thing of value" were used by the law makers to qualify the words immediately preceding—"money, goods, property"—but only to enlarge the class of personal things which they were making it penal to obtain by false pretences.　Such was the construction put upon the New York statute which is very similar to ours.　The words there used were "money, personal property, or valuable thing;" and it was there held in *People* v. *Stetson*, 4 Barb., 151, that the statute under which the indictment was framed did not require that the property obtained should be of any particular value.　The words are,

any money, personal property, or valuable thing; therefore it need not be alleged in the indictment. 2 Bish. Cr. Pro., § 139. There is no error. Let this be certified to the court below that further proceedings may be had according to law.

PER CURIAM. No error.